OPINION
Defendant, Nefatali Lima, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of two counts of sexual battery in violation of R.C. 2907.03. Defendant advances the following two assignments of error:
 [I.] The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary.
 [II.] The trial court erred in overruling Appellant's motion to withdraw his guilty plea.
On August 11, 2000, defendant was charged in a three-count indictment with rape and gross sexual imposition involving a four-year-old girl. Count 1 alleged that defendant engaged in forced vaginal intercourse with the girl. Count 2 alleged that defendant used force to digitally penetrate the girl's vagina. Count 3 alleged that defendant engaged in sexual conduct with the girl. Count 2 also contained a sexually violent predator specification.
Defendant originally entered a not guilty plea to all three counts in the indictment; however, defendant withdrew his not guilty plea on February 15, 2001, and entered a guilty plea to the stipulated lesser included offenses of sexual battery charged in Counts 1 and 2. The state agreed to enter a nolle prosequi to Count 3.
Before accepting defendant's guilty plea, the court conducted a hearing pursuant to Crim.R. 11. Because defendant does not understand English, the court appointed an interpreter to translate for defendant. Through the interpreter, defendant informed the court that defense counsel read the guilty plea form to him and explained defendant's constitutional rights and the potential penalties involved. The court observed that on the signature line of the plea form, defendant had written "M-Adult." Defense counsel informed the court that defendant had copied the writing on his wristband. The court then requested that defendant sign his name on the form. Defendant complied with the court's request.
The trial court, through the interpreter, asked defendant if he intended to plead guilty to the lesser included offenses of sexual battery and whether he understood the specifics of the sentence he could receive as a result of the guilty plea, i.e., a maximum of five years' imprisonment and a $10,000 fine on each count. Defendant responded affirmatively.
Thereafter, the court asked defense counsel whether he had consulted with defendant regarding the contents of the plea form, whether he believed that defendant understood the counseling and advice he had given to defendant, and whether he believed that defendant was entering into the plea knowingly, intelligently and voluntarily. To all of those questions, defense counsel responded affirmatively. Defense counsel further averred that he spent approximately two hours with defendant explaining the plea process.
The trial court then asked defendant if he had any questions for either his counsel or the court regarding the nature of the charges to which he was pleading guilty or any of his constitutional rights. Defendant indicated that he was only interested in knowing the sentence the court would impose. Defense counsel explained to defendant that the court was going to order a presentence investigation ("PSI") report and would sentence him at a later date. The court informed defendant that he would probably be sentenced to six to eight years, but that the court wanted to learn more about his background before imposing sentence. The court then asked defendant if he wished to go forward with the plea agreement or if he wanted a jury trial. In response, defendant, through the interpreter, stated that he "would rather settle for less" and "want[ed] to continue." (Tr. 8.)
The court then advised defendant of his constitutional right to trial by jury. When asked if he understood this right, defendant reaffirmed that he was "settling for the less time he can get." (Tr. 9.) The court proceeded to advise defendant of the constitutional rights he would be relinquishing if he entered a guilty plea, including the right to trial by jury, the right to confront and cross-examine the state's witnesses, the right to compulsory process of witnesses, the right to remain silent, the right to have the state prove guilt beyond a reasonable doubt, and the right to appeal. Defendant acknowledged that he understood these rights and intended to give them up so that he "had less time." (Tr. 11.) The trial court clarified with defendant that he was pleading guilty to avoid the consequences of going to trial. Id.
The prosecutor then provided a statement of facts in support of the plea. Specifically, the prosecutor recounted that on July 17, 2000, Columbus police received a referral from a local hospital regarding the alleged sexual abuse of a four-year-old girl. When interviewed by the police, the girl reported that defendant had digitally penetrated her vagina and had had vaginal intercourse with her. Further, blood tests confirmed that both defendant and the girl had gonorrhea. Defendant stated that he understood the prosecutor's statement. When asked if he was pleading guilty to two counts of sexual battery because he was guilty of those offenses, defendant responded affirmatively. The trial court accepted defendant's plea, finding that it had been made knowingly, intelligently and voluntarily.
Subsequently, the trial court ordered a PSI report and set sentencing for April 4, 2001. Defendant again expressed his concern as to how much prison time he would be required to serve. The court restated the maximum possible penalties, and further indicated that the exact sentence would not be determined until after the court reviewed the PSI report.
The sentencing date was continued until April 18, 2001. On that day, defendant filed a motion to withdraw his guilty plea. The basis for the motion was that during the PSI, defendant claimed that he pled guilty only because his interpreter told him he was going to prison and would serve less time if he signed the plea agreement.
A different interpreter was appointed for the hearing on defendant's motion, which was held on May 16, 2001. When the court inquired of defendant why he wished to withdraw his plea, defendant initially stated "[b]ecause I am not guilty." (Tr. 19.) The court asked defendant if he remembered pleading guilty to two counts of sexual battery and being informed of the maximum potential sentence for the offenses at the plea hearing on February 15, 2001. Defendant responded affirmatively. The court then asked defendant whether he recalled making the statement contained in the PSI report regarding his alleged reason for entering the plea. Defendant averred that he did not remember making the statement.
With that, the trial court asked defendant whether he wished to go forward with the plea and be sentenced or proceed with his motion to withdraw the plea. Defendant indicated that he was "not in agreement with the amount of time to be in jail." (Tr. 26.) Defendant further indicated that he had not done "any of those things which they accuse me." Id. When the court asked defendant why he pled guilty if he did not commit the offenses for which he was charged, he responded that he had done so because "they told me if I would plead guilty I would get less time." Id. When defendant indicated that he had lied when he admitted to committing the offenses, the court stated: "[w]hat is important about your statement, though, is you said it to yourself and nobody else. When I asked you on the record, you said that you were guilty of these offenses." (Tr. 27.) The court further noted that it had taken "great pains" at the plea hearing to make certain that defendant understood "what he was pleading guilty to." Id. In addition, the court noted that it had taken "additional great pains, being 40 minutes in an additional hearing today for him to waffle." Id. Defense counsel declined the court's invitation to make additional argument on defendant's motion.
After the prosecution provided another statement of facts, the court asked defendant if he understood the risk involved in proceeding to trial, i.e., that he could receive a life sentence if convicted of the rape charges. Defendant, through the interpreter, indicated that he understood the risk of going to trial and was unwilling to assume it. The court again explained to defendant that if he were permitted to withdraw his guilty plea, he would stand trial on the charges contained in the indictment, and if convicted of the rape charges, could receive a life sentence. The court further explained the converse that if defendant was found not guilty, he would serve no sentence. When asked if he understood, defendant, through the interpreter, stated "Well, I think I didn't do anything to the little girl." (Tr. 31.)
The court then took a thirty minute recess to give defendant an opportunity to consult with the interpreter and defense counsel. When court resumed, defendant stated unequivocally that he wanted to proceed to sentencing. Defense counsel averred that he had discussed defendant's options with him, that he believed defendant was proceeding knowingly, intelligently and voluntarily, and that he believed it was in defendant's best interest to proceed with sentencing. With that, the court sentenced defendant to prison for four years on Count 1 and three years on Count 2 and ordered the prison terms to be served consecutively. The court further determined defendant to be a sexually oriented offender. The court journalized its findings by entry dated June 25, 2001.
By his first assignment of error, defendant contends that the trial court erred in entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary. Specifically, defendant contends that the record of the plea proceeding raises questions about his understanding of the nature of the charges to which he pled guilty.
Crim.R. 11(C)(2) addresses guilty pleas in felony cases and provides, in pertinent part:
 In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
A trial court must strictly comply with the provisions of Crim.R. 11(C)(2)(c) which relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process, and the right to require the state to prove guilt beyond a reasonable doubt. State v. Colbert (1991), 71 Ohio App.3d 734,737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Although the trial court need not utilize the precise language set forth in Crim.R. 11(C)(2)(c), the defendant must be informed of the critical constitutional rights in a manner reasonably intelligible to that defendant. State v. Ingram (Mar. 5, 2002), Franklin App. No 01AP-854, unreported, citing Ballard, supra, paragraph two of the syllabus. A trial court's failure to strictly comply with the constitutional provisions of Crim.R. 11(C) is prejudicial error. Ingram, supra.
When a defendant's challenge to a plea is premised upon a trial court's alleged failure to inform the defendant about nonconstitutional matters, only substantial compliance is required. State v. Stewart (1977),51 Ohio St.2d 86, 92-93, Colbert, supra; State v. Nero (1990),56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Moreover, a defendant who challenges a guilty plea on a nonconstitutional basis must demonstrate a prejudicial effect. Stewart, supra; Nero, supra. The test is whether the plea would otherwise have been made. Stewart, supra.
In the instant case, defendant's challenge to his guilty plea concerns a nonconstitutional issue, i.e., whether the trial court complied with Crim.R. 11(C)(2)(a) by determining that defendant understood the nature of the charges against him. A trial court may find that a defendant understands the nature of the charges when the totality of the circumstances warrants such a determination. Ingram, supra, citing State v. Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus.
Contrary to defendant's assertions, the record supports a finding that defendant understood the nature of the charges to which he pled guilty. Defendant and his counsel both signed a form which identified the crimes to which defendant was pleading guilty and the maximum penalties. In addition, the form included an affirmation by counsel that defendant was acting knowingly, voluntarily and intelligently in entering his plea.
At the plea hearing, defendant was provided an interpreter to translate the proceedings into defendant's native tongue, Spanish. Through the interpreter, defendant informed the court that defense counsel had read the guilty plea form to him and explained the charges and the potential penalties associated with the charges. The court reviewed with defendant the nature of the charges to which defendant was pleading guilty and the potential penalties involved, including the maximum fine and sentence that could be imposed. Defendant indicated that he understood the charges and potential penalties. Upon inquiry by the court, defense counsel stated that he was satisfied that defendant's plea was knowingly, voluntarily and intelligently made.
Further, when the trial court specifically asked defendant if he had any questions for either his counsel or the court regarding the nature of the charges, defendant indicated only that he wanted to know the sentence the court would impose. Contrary to his assertions, defendant's concern about his ultimate sentence does not establish that defendant did not understand the nature of the charges to which he was pleading guilty. Indeed, defendant never indicated that he did not understand the nature of the charges. Further, defendant was present when, prior to the trial court accepting his guilty plea, the prosecution recited the charges and the factual basis for the offenses to which defendant entered his plea of guilty. In response to the court's inquiry as to whether he understood the prosecution's statement, defendant responded that he did. Given the foregoing factors, the record establishes that defendant was advised of and understood the nature of the charges that were the subject of his guilty plea. The first assignment of error is overruled.
By the second assignment of error, defendant contends that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea prior to sentencing.
Crim.R. 32.1 governs motions to withdraw guilty pleas and provides, as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Xie (1992), 62 Ohio St.3d 521, 527, the Ohio Supreme Court determined that: "a presentence motion to withdraw a guilty plea should be freely and liberally granted." However, the court further recognized that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. * * *" Id., paragraph one of the syllabus. Accordingly, the court determined that a trial court must hold a hearing to determine whether there is a "reasonable and legitimate basis" for withdrawing the plea. Id. at 527. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. Such a decision may be reversed only if there has been an abuse of discretion. Id. at 526. "Abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157. What constitutes an abuse of discretion in overruling a motion to withdraw a guilty plea varies with the facts and circumstances of each case. State v. Walton (1981), 2 Ohio App.3d 117, 119.
In State v. Peterseim (1980), 68 Ohio App.2d 211, 214, the Eighth District Court of Appeals held that a trial court does not abuse its discretion in overruling a presentence motion to withdraw a guilty plea where: (1) the defendant is represented by highly competent counsel; (2) the defendant was afforded a full Crim.R. 11 hearing before entering the plea; (3) the defendant was afforded a complete and impartial hearing on the motion to withdraw; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Before applying Peterseim to the facts of this case, we first note that we agree with the state's contention that defendant effectively waived his right to proceed on the motion to withdraw his guilty plea by indicating to the trial court that he wanted to proceed to sentencing. Notwithstanding such waiver, we will, in the interests of justice, address the application of Peterseim to the facts of the case as if defendant had elected to proceed on the motion.
As to the first of the Peterseim criteria, the trial court did not make a finding on the competence of defendant's defense counsel. The record demonstrates, however, that defendant was represented by counsel who by all indications was competent. Defendant was originally charged with two counts of forcible rape in violation of R.C. 2907.02(A)(1)(b), both first degree felonies, and one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree. As the rape charges involved a victim less than thirteen years of age, defendant would be imprisoned for life if convicted. R.C. 2907.02(B). Defendant's counsel bargained the rape charges down to two counts of sexual battery in violation of R.C. 2907.03, both third degree felonies, and obtained a nolle prosequi of the gross sexual imposition charge. Each of the sexual battery charges carried a maximum prison term of five years. R.C. 2929.14(A)(3). In our view, defense counsel's efforts to reduce defendant's potential life sentence to a maximum of ten years' incarceration demonstrates that defendant received competent assistance at the plea bargaining stage. In other words, the trial court could have found that defendant's counsel gave him excellent advice regarding whether a plea bargain should be accepted and/or whether a guilty plea should be made. Accordingly, the trial court could have found from the evidence before it that defendant had received the benefit of competent counsel in arriving at his decision to accept the state's offer of the reduced charges in return for defendant's guilty plea.
As to the second prong of the Peterseim standard, we find it clear from the record of the plea hearing that the trial court meticulously complied with the requirements of Crim.R. 11. As noted in our discussion of the first assignment of error, the trial court fully informed defendant of his Crim.R. 11 rights before he entered his plea and went to great lengths to make certain that defendant fully understood the nature and consequences of the guilty plea.
With regard to the third and fourth Peterseim prongs, the record demonstrates that a full hearing was held on defendant's motion to withdraw his guilty plea and that the trial court gave full and fair consideration to the motion. At the hearing, defendant was provided a different interpreter than the one provided for the plea proceeding. Although the initial basis for defendant's motion was that defendant had claimed during the PSI that he pled guilty only because the interpreter at the plea hearing told him he would serve less time in prison if he pled guilty, defendant averred at the motion hearing that he did not recall making such a statement.
Further, although defendant also contended at the hearing that he wanted to withdraw his guilty plea because he did not commit the offenses to which he pled guilty, the trial court thoroughly questioned defendant on this issue. The trial court, which was particularly well-positioned to observe defendant's demeanor and characteristics, specifically recalled that at the plea hearing defendant never denied committing the offenses. Moreover, a guilty plea entered to avoid a greater penalty is not rendered involuntary even if a defendant maintains that he is innocent. State v. Ransom (Aug.12, 1999), Franklin App. No. 98AP-1613, unreported.
In light of the foregoing, we find that the trial court did not abuse its discretion in overruling defendant's motion to withdraw his guilty plea. Accordingly, the second assignment of error is overruled.
For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, J., and TYACK, P.J., concur.