THE STATE OF OHIO, APPELLEE, *v.* WALTON, APPELLANT.

(No. 80AP-515—Decided June 18, 1981.)

*Mr. Michael Miller,* prosecuting attorney, *Mr. Alan C. Travis* and *Mr. Edmund W. Morgan,* for appellee.

*Mr. Andrew S. Wentworth,* for appellant.

WHITESIDE, J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas entered upon his plea of guilty to involuntary manslaughter as a result of plea bargaining under which the state entered a *nolle prosequi* as to charges of aggravated robbery, forgery and receiving stolen property.

Appointed counsel, although finding no arguable merit, has pursuant to defendant's request raised two assignments of error as follows:

"1. The trial court erred in denying Defendant-Appellant's motion to withdraw his plea of guilty to the charge of involuntary manslaughter and to allow him to proceed forward on his defense to all counts against him, to wit: 79CR-10-2734, one court (*sic*) of receiving stolen property; 79CR-10-2838, one count forgery and; 80CR-02-397A, one count aggravated robbery and one count involuntary manslaughter.

"2. Defendant-Appellant was inefficiently represented by counsel and, therefore, denied his constitutionally guaranteed rights under the Sixth and Fourteenth Amendments of the United States Constitution."

As to the second assignment of error, there is nothing in the record indicating that defendant's trial counsel (different from the counsel appointed for appeal) was in any way ineffective or did not effectively represent defendant. The second assignment of error is overruled.

Defendant was charged with four serious crimes. A plea bargain was entered into whereby he was permitted to plead guilty only to one charge, involuntary manslaughter, albeit a felony of the first degree. However, in addition, with concurrence of the trial court, it was further agreed that it would be recommended that the minimum sentence imposed be that of four years, the minimum possible, and that the trial court expressly indicated acceptance of the recommendation provided "if you are called upon to testify and do testify truthfully with regard to your brother's case." Actual sentencing, however, was delayed until later, apparently as a "club" against defendant to insure his testifying against his brother.

Defendant apparently had second thoughts about testifying against his brother. In any event, three days after the entering of the guilty plea, which was never reduced to a judgment since sentencing was delayed, defendant filed a motion for withdrawal of his guilty plea. One month later the trial court entered an order overruling the motion for withdrawal of the guilty plea, and some three months after that finally entered a judgment in the case. In so doing, however, the trial court did not implement the plea-bargain agreement of minimum sentence but, instead, imposed the maximum minimum sentence that could be imposed under the law without indication that defendant had failed to live up to his part of the plea bargain, although presumably he had, and the increased sentence was in retaliation.

Whether to allow withdrawal of a guilty plea is a matter lying within the sound discretion of the trial court. At the time the motion was made in this case, apparently no part of the plea bargain had been implemented by the state, with only defendant's having implemented a substantial part of his obligation under the plea bargain by entering the plea of guilty to one count, there remaining his obligation to testify against his brother when he came for trial. Presumably, the *nolle prosequi* as to the other counts was not entered until time of sentencing, some four months after the entering of the guilty plea.

What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved. Under those herein involved, only slight justification would be necessary to justify a withdrawal of a guilty plea. However, none was given. Defendant's only justification was to the effect of a change of mind. At that time, of course, the state had not failed to fulfill its part of the plea bargain which was in part somewhat nebulously conditioned upon further acts of defendant.

There is, however, an abuse of discretion demonstrated. The trial court not only refused to permit defendant to withdraw his guilty plea because he no longer wished to live up to the terms and conditions thereof, but the trial court failed to live up to the plea bargain. Where immediately after entering a guilty plea and plea bargain and prior to sentencing the defendant makes a motion to withdraw his guilty plea indicating an intent not to live up to a portion of the plea bargain, the trial court abuses its discretion in both overruling the motion to withdraw and refusing to abide by the state's obligations under the plea bargain.

Under such circumstances, if the trial court determines within its discretion not to permit the defendant to withdraw his guilty plea, the trial court is then bound to follow through with all of the state's obligations made under the plea bargain, even though defendant, as indicated by his motion, does not fully comply with his obligations. The trial court cannot properly create a new plea-bargain agreement by overruling a motion to withdraw a guilty plea.

Understandably, the trial court does not wish to impose a lesser sentence if defendant failed to testify against his brother. On the other hand, if the plea bargain is to be set aside, it should be set aside in its entirety, not piecemeal, and not only in part to benefit the state. The trial court in overruling the motion to withdraw the guilty plea expressly determined to implement the plea bargain despite defendant's indication that he would not follow through with a part of his obligation. The trial court had discretion at that time either (1) to set aside the plea bargain and the guilty plea, or (2) to enforce the state's obligations thereunder. It is fundamentally unfair for the trial court to refuse to relieve defendant from his part of the plea bargain but to relieve the state of its obligation. The proper action is to set aside the plea bargain, proceed with trial of all charges, and to impose sentence as to those of which defendant is found guilty.

As to the second assignment of error, there is no indication of any ineffective assistance of counsel. However, the first assignment of error should be sustained to the extent indicated so as to vacate the sentence imposed and remand the matter to the trial court for determination of whether defendant's motion to withdraw a guilty plea should be granted or whether it should be overruled but the sentence be imposed in accordance with the original plea bargain.

For the foregoing reasons, the first assignment of error is sustained in part for the reasons indicated above, and the second assignment of error is overruled; the sentence imposed is vacated, and this cause is remanded to the trial court with instructions to reconsider the issues in accordance with this decision.

*Sentence vacated and cause*
*remanded with instructions.*

COOK, J., concurs.

MOYER, J., concurs in part and dissents in part.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.

MOYER, J., concurring in part and dissenting in part. While I concur in the majority's disposition of the second assignment of error, I respectfully dissent from the sustaining of the first assignment of error. The trial court's discretion to overrule a motion to withdraw a guilty plea under Crim. R. 32.1 is well established. Even prior to sentencing, an accused does not have an automatic right to withdraw a guilty plea where the plea is based upon extensive plea bargaining. *State* v. *Perdue* (Sept. 13, 1977), Franklin App. Nos. 77AP-284 and 77AP-285, unreported.

Under decisions of federal courts which are applicable to Crim R. 32.1 *(State* v. *Smith* [1977], 49 Ohio St. 2d 261 [3 O.O.3d 402]), it is clear that where a defendant offers no reason for wishing to withdraw his plea of guilty or does not attack the validity of his guilty plea, the trial court does not abuse its discretion in overruling such a motion. *United States* v. *Valdez* (C.A. 5, 1971), 450 F.2d 1145; *United States* v. *Lombardozzi* (C.A. 2, 1971), 436 F.2d 878, certiorari denied 402 U.S. 908. As the rule plainly states, a motion to withdraw a plea of guilty is granted "to correct manifest injustice."

In the case before us, it is clear from the record that defendant understood his plea bargain and that he would receive a minimum sentence only if he testified against his brother. The record reflects that defendant's only reason for wishing to withdraw his guilty plea was that he wanted to "take his chances." There is no allegation that would support a finding of manifest injustice. Nor is there any assertion that defendant actually did comply with his part of the plea bargain by assisting the prosecutor in the case against his brother. The trial court did not abuse its discretion by imposing a higher penalty upon defendant than that which defendant thought he was going to receive if he had complied with his part of the plea bargain. To have overruled his motion to withdraw the guilty plea, and then impose the minimum four-year sentence, would have been highly unfair to the state because the state had agreed to *nolle prosequi* three other charges against defendant in return for the guilty plea on one count, and defendant's assistance in the prosecution of his brother.

I would overrule the first assignment of error and affirm the judgment of the trial court.