JOURNAL ENTRY and OPINION
Appellant Eric Carmicle appeals the trial court's denial of his motion to withdraw guilty plea, and assigns the following errors for our review:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED THE MOTION TO WITHDRAW GUILTY PLEAS UPON THE BASIS THAT THE APPELLANT'S GUILTY PLEAS ARE INVOLUNTARY AS A MATTER OF LAW AS A RESULT OF THE TRIAL COURT'S ACTIVE PARTICIPATION IN THE PLEA BARGAINING PROCESS.
 II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE PLEA AND SENTENCING STAGE OF THE PROCEEDINGS.
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON THE MOTION TO WITHDRAW GUILTY PLEAS.
Having reviewed the record, and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The appellee State of Ohio indicted appellant for seven counts of gross sexual imposition with violence specifications on April 11, 1996; seven days later it indicted him for receiving stolen property; and a month later it indicted him for drug abuse with a violence specification. Later that year, appellant appeared for trial on all the charges; however before trial, appellant informed the court that he would plead to receiving stolen property but not the sex offenses. At that time, a colloquy took place between him and the judge. The judge stated he could receive a two-to-five year sentence for receiving stolen property and two years for each count of the sex offenses, with the terms to run concurrently if he pleaded.
The judge further explained that if a jury found him guilty of these charges he could receive life in prison. The court informed him that his record and the nature of the charges could prove costly before a jury. After a lengthy discussion between the two on the benefits and cost of a jury trial, appellant entered a plea of guilty to all of the sex offenses and receiving stolen property. Thereafter, the state dismissed the remaining charges including the violence specification. The judge sentenced him as he had earlier discussed.
A month later, appellant filed a motion to withdraw his plea, which the court denied; and this appeal followed.
In his first assignment of error, appellant asserts that, the judge's participation in his plea negotiations rendered his plea involuntary. "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." State v. Byrd
(1980), 63 Ohio St.2d 288, 291, quoting Kercheval v. UnitedStates (1927), 274 U.S. 220, 223. The Ohio Supreme Court inByrd stated:
 A judge's participation in the actual bargaining process presents a high potential for coercion. * * * [H]e may infer that he will not be given a fair opportunity to present his case. Even if he wishes to go to trial, he may perceive the trial as a hopeless and dangerous exercise in futility.
Byrd at 292. The Byrd court went on to state that, while it discouraged a judge's participation in plea negotiations, it would not find that all participation "perSe" renders a plea invalid under the Constitutions of the United States and the State of Ohio. Id. at 293.
Under Crim.R. 32.1, a defendant may be permitted to withdraw a guilty plea after he has been sentenced only when it is necessary to correct a manifest injustice. State v. Peterseim
(1980), 68 Ohio App.2d 211, 213. The defendant has the burden of establishing the existence of a manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, 264. "[T]he decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court." State v.Nathan (1995), 99 Ohio App.3d 722, 725, citing State v.Smith, Supra. "In exercising that discretion, the trial court is the court to resolve issues of credibility and the weight of the defendant's assertions in his motion." Id.
Therefore, a reviewing court will not reverse a denial of a post-sentence motion to vacate absent an abuse of discretion by a trial court. Id. "What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved." State v. Walton (1981), 2 Ohio App.3d 117,119.
A trial judge' s involvement in a plea negotiation is not per se prejudicial or indicative of a manifest injustice.Byrd at 293. Here, the trial judge told the appellant that he faced the possibility of a much harsher sentence should he go to trial and be found guilty. The State charged appellant with seven counts of sex offenses with violence specifications on each count, which require a mandatory life sentence when the victim has been threatened with force. State v. Shoop
(1993), 87 Ohio App.3d 462, 466. The judge's discussion informed appellant of the consequences of a plea and the consequences of a trial. We do not deem the judge's discussion as prejudicial.
In Byrd, the judge involved the appellant's family members and other authority figures in the plea negotiations.Id. at 294. The judge gave Byrd the impression that he believed him to be guilty. Id. Byrd had a methadone addiction which may have made him more vulnerable. Id.
Byrd did not have an attorney present to represent his interests.Id. Here, appellant had an attorney. Also, in response to appellant's insistence of innocence, the judge stated: "I have no reason to disbelieve you." (Tr. p. 13.) The judge did not intimidate or coerce appellant. He stated "Jurors are human beings. They make mistakes. Not often. Not often. Believe me. You get up and you say I didn't do it. You testify, which you got to testify to tell the jury you didn't do it. And then the jury finds out you got two prior felony convictions. Now, you got a guy with two prior felony convictions, opposed to two boys who say this man raped me. I got to think that — [sic]." (Tr. p. 14.) The judge presented what he believed to be, given his experience on the bench, an accurate picture of what could happen at the trial.
Further, Crim.R. 11 provides in relevant part:
 (C) Pleas of Guilty and No Contest in Felony Cases.
* * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved * * *. (Emphasis added.)
Appellant understood the implications of the plea, as well as the fact that he could receive a lighter sentence. The judge made sure that appellant made an informed decision. Therefore, when the trial court labors to make sure that a defendant understands the charges against him and the possible penalties, this assurance does not amount to an infringement on the constitutional right to a voluntary plea. State v.Rogers (March 23, 1994), Adams App. No. 548, unreported, 8. A distinction exists between informing one of consequences and forcing one to act.
Additionally, the judge clearly explained to appellant that his plea constituted a waiver of his constitutional right to a jury trial. The judge also explained his constitutional trial rights regarding standards of proof and the right to have witnesses on his behalf, the right to cross-examine the prosecution's witnesses, and to refuse to testify. Appellant understood the benefit of accepting the plea agreement over facing a possible life sentence in front of a jury. Accordingly, his first assigned error is overruled.
In his second assignment of error, appellant argues the trial court should have allowed him to withdraw his guilty plea because of ineffective assistance of counsel in the plea and sentencing stage of the proceedings. To show ineffective assistance of counsel, "a defendant must show (1) a substantial breach of an essential duty by counsel, and (2) resulting prejudice."State v. Hamed (1989), 63 Ohio App.3d 5, 7, citingState v. Cooperrider (1983), 4 Ohio St.3d 226. Appellant's claim for ineffective assistance of counsel centers on the fact that his attorney stood by and listened, and even acquiesced, to the trial judge's comments regarding the plea. However, appellant has not established how his attorney's action prejudiced him. The judge merely informed appellant of the consequences if he did not plead. His lawyer, acting in his best interest, agreed with the judge. Consequently, appellant has failed to show deficient behavior by his lawyer or prejudice by his lawyer's action. Appellant's second assigned error is overruled.
In his third assignment of error, appellant argues the trial court erred when it failed to give him a hearing on his post-sentence motion to withdraw his plea. A trial court is not required to hold a hearing on a post-sentence motion to withdraw a guilty plea "if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik (1984), 17 Ohio App.3d 201,204. Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and PATTON. J., CONCUR.
 _________________________________ PATRICIA ANN BLACKMON JUDGE