OPINION
This appeal is taken from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Michael R. Kerns, appeals from the trial court's decision denying his motion to withdraw a previously entered guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
On May 2, 1990, appellant was indicted by the Trumbull County Grand Jury on three counts of rape in violation of R.C.2907.02(A)(2) and three counts of rape with a prior violent offense specification in violation of R.C. 2907.02(A)(2) and R.C.2941.149. Pursuant to a negotiated plea agreement, appellant entered a written plea of guilty to the first three counts in the indictment on August 30, 1990. In return, appellee asked the trial court to dismiss the remaining three charges. The trial court granted the request and sentenced appellant accordingly. Appellant did not file a direct appeal of his conviction or sentence.
Nearly nine years later, on June 8, 1999, appellant filed apro se motion to withdraw his previously entered guilty plea pursuant to Crim.R. 32.1 based on ineffective assistance of counsel. The trial court denied appellant's motion on July 14, 1999 without a hearing. From this judgment, appellant filed a timely notice of appeal. He now asserts the following assignment of error for this court's consideration:
 "Whether the *trial [sic] court abused its discretion[,] thereby violating procedural due process, when it failed to accord defendant the required due process hearing on his prima facie allegations of ineffective assistance of counsel[.]"
 In his sole assignment of error, appellant argues that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea. According to appellant, the allegations contained in his motion support a claim of ineffective assistance of counsel, and that such allegations, if believed, require that the trial court to permit appellant to withdraw his plea. We disagree.
Crim.R. 32.1 provides:
 "Withdrawal of Guilty Plea. A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Stated differently, in order to withdraw a guilty plea after the imposition of sentence, a defendant must demonstrate that such withdrawal is necessary to correct a manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus; State v. Barnett (1991), 73 Ohio App.3d 244,250. The burden of establishing the existence of a manifest injustice is upon the defendant seeking the vacation of the plea. Smith at paragraph one of the syllabus; State v. Blatnik (1984), 17 Ohio App.3d 201,202.
A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the court. State v.Stumpf (1987), 32 Ohio St.3d 95, 104; Smith at paragraph two of the syllabus; State v. Talanca (Dec. 23, 1999), Trumbull App. No. 98-T-0158, unreported, at 6, 1999 Ohio App. LEXIS 6257. As a result, an appellate court's review is limited to a determination of whether the trial court abused its discretion by denying the motion to withdraw a guilty plea. Barnett at 250; Blatnik at 202;State v. Peterseim (1980), 68 Ohio App.2d 211, 213; Talanca at 5-6. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. McDade (Sept. 25, 1998), Lake App. No. 97-L-059, unreported, at 7, 1998 WL 682360, citing State v. Montgomery (1990), 61 Ohio St.3d 410, 413, and State v. Adams (1980), 62 Ohio St.2d 151, 157. What will constitute an abuse of discretion with respect to denying a motion to withdraw a guilty plea will necessarily vary with the facts and circumstances of each case. Warren v. Cromley (Jan. 29, 1999), Trumbull App. No. 97-T-0213, unreported, at 2, 1999 WL 76756, citing State v. Walton (1981), 2 Ohio App.3d 117, 119.
While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made prior to sentencing, State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus, the same is not true when the request is made after the entry of sentence. Instead, when a court is confronted with a post-sentence motion to withdraw a guilty plea, a hearing on the motion is only required if the facts alleged by the defendant and accepted as true would require the trial court to permit withdrawal of the plea. State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182, unreported, at 7, 2000 Ohio App. LEXIS 1423; State v. Young (Oct. 22, 1999), Trumbull App. No. 98-T-0128, unreported, at 4, 1999 WL 1073610.
Furthermore, if the defendant fails to submit evidence containing sufficient operative facts to demonstrate that his plea was not entered into knowingly and voluntarily, and the record indicates that the defendant is not entitled to relief, the trial court may dismiss the motion without a hearing. State v.Christley (May 19, 2000), Portage App. No. 99-P-0022, unreported, at 5, 2000 Ohio App. LEXIS 2140, citing State v. Legree (1988),61 Ohio App.3d 568, 574. See, also Young at 5, citing, State v.Perry (May 2, 1997), Trumbull App. No. 95-T-5315, unreported, at 3, 1997 WL 269202; Talanca at 8.
Thus, before this court can make a determination as to whether the trial court erred in not holding an evidentiary hearing on appellant's motion, we must first decide whether or not appellant presented a meritorious argument to the trial court. As we noted earlier, appellant argues that his plea was not made in a knowing and voluntary manner because he received ineffective assistance of counsel. In particular, appellant maintains that his attorney failed to do the following: (1) discuss the facts of the case with him; (2) interview potential witnesses; (3) discuss the nature and effect of his plea with him; (4) follow-up on exculpatory materials; (5) present any mitigation evidence or testimony at the sentencing hearing; (6) discuss defenses, tactics, or trial strategy with him; and (7) advise him that he would be subject to radical ex post facto changes in parole eligibility.
In general, a properly licensed attorney is presumed to have rendered effective assistance in representing a defendant in a criminal action. State v. Martin (Dec. 6, 1996), Lake App. No. 95-L-139, unreported, 1996 Ohio App. LEXIS 5509; Young at 2. As a result, the burden of proving ineffective assistance of counsel falls upon the defendant. State v. Osborne (Dec. 31, 1997), Ashtabula App. No. 97-A-0002, unreported, at 13, 1997 Ohio App. LEXIS 6041.
In order to demonstrate ineffective assistance of counsel in the context of a guilty plea conviction, the defendant must demonstrate that the trial counsel's performance was deficient and that the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. State v. Desellems (Feb. 12, 1999), Lake App. No. 98-L-053, unreported, at 8-9, 1999 Ohio App. LEXIS 458, citing Hill v. Lockhart (1985), 474 U.S. 52. Nevertheless, this court in State v. Sopjack (Dec. 15, 1995), Geauga App. No. 93-G-1826, unreported, at 4, 1995 WL 869968, stated:
 "The mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily. State v. Haynes (Mar. 3, 1995), Trumbull App. No. 93-T-4911, unreported, at 4-5."
After a careful review of the entire record submitted to this court, we conclude that appellant has failed to show that his trial attorney was deficient in his representation. The only evidence in the record relating to appellant's plea is a document, signed by appellant and his attorney, titled "FINDING OF GUILTY PLEA TO AMENDED INDICTMENT." In this written plea, appellant states in pertinent part:
 "After being fully informed by my counsel
and by the Court of the charge against, I am making a plea voluntarily with the understanding of the nature of the charge and the consequences
* * *. Furthermore, I am entering the plea of guilty after being fully informed by my counsel
and by the Court of the elements of the charge.
* * *
 "Furthermore, my counsel and I have fully discussed the facts and circumstances surrounding this case including the names of all witnesses. My attorney has investigated these facts and circumstances to the best of my knowledge and has discussed with me the making of or the necessity of pre-trial motions. I am, therefore, satisfied
that I am now entering the plea with full understanding of my legal rights under the facts and circumstances as explained to me by my attorney and the Court." (Emphasis added.)
For appellant to now argue that his attorney failed to discuss the case with him or interview potential witnesses, without providing evidence rebutting his written, voluntary guilty plea, is completely inconsistent with the record. Appellant provided no evidence with his motion to support his claims, and his self-serving statements are insufficient to rebut his written guilty plea. Perry at 3.
We reach a similar conclusion with respect to appellant's argument that his attorney failed to present mitigation evidence at his sentencing hearing. For whatever reason, appellant failed to provide this court with a transcript of the sentencing hearing. Appellant also did not attempt to submit an App.R. 9(C) or 9(D) statement to supplement this void in the record. Thus, without a transcript or appropriate substitute, there is no way for this court to determine whether or not appellant's attorney presented any mitigation evidence.
Appellant's final allegation that his attorney failed to discuss potential ex post facto changes in parole regulations with him is also completely without merit. We note that appellant does not argue that his attorney misstated the applicable law in effect at the time of his plea. Rather, appellant maintains that his attorney should have informed him that he could be affected by subsequent changes in parole regulations.
Appellant, however, has failed to specify which regulations he feels were unlawfully changed and how that change, if any, was an ex post facto violation. More importantly, appellant has failed to show how his attorney could possibly know of future changes in the law. Certainly, a defendant cannot expect his attorney to be aware of decisions made by the Ohio General Assembly eight years before they become a reality; nor will this court hold an attorney to such an impossible standard.
The record before this court does not indicate that appellant's plea was invalid as a result of ineffective assistance of counsel because there is absolutely no evidence to support appellant's claim that his attorney was deficient in his representation. In fact, to the extent that there is evidence, it shows that appellant's attorney explained everything to appellant before he entered his plea. While a court should afford considerable leniency to those appearing in pro se actions, particularly an incarcerated individual, leniency does not include imagining facts where they do not exist. Young at fn. 3.
Appellant waited nearly nine years before bringing this motion. Although Crim.R. 32.1 does not set forth a time limit during which a motion to withdraw a plea of guilty must be made after the imposition of sentence, the Supreme Court of Ohio has expressly held that:
 "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith at paragraph three of the syllabus. See, also, Jackson at 7; Talanca at 8; Young at 2.
Thus, the passage of nearly nine years completely undermines appellant's assertion that he pled guilty because of his attorney's alleged ineffectiveness.
After reviewing appellant's original motion and the record submitted to this court, we conclude that appellant's submissions were insufficient to establish a manifest miscarriage of justice. Because appellant could not establish that he was entitled to withdraw his guilty plea, the trial court did not abuse its discretion in not holding an evidentiary hearing on his motion. Thus, appellant's sole assignment of error is without merit. The judgment of the trial court is affirmed.
 _________________________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concurs.