I respectfully dissent from the decision of the majority overruling Defendant-Appellant's first and second assignments of error, which I would sustain on the rule of State v. Walton (1981), 2 Ohio App.3d 117.
When a defendant who has been convicted on a guilty plea he entered in exchange for the State's promise to recommend an agreed-upon sentence if the defendant testifies against a co-defendant subsequently breaches his promise to so testify, the court has two courses open to it. The court may, at its option, vacate the defendant's guilty plea and require the defendant to stand trial, or it may proceed to sentence the defendant on the conviction arising out of his guilty plea. State v. Curry (1976),49 Ohio App.2d 180. If it follows the latter course, the court abuses its discretion if it both relieves the state of its obligation under the plea bargain agreement and overrules the defendant's motion to withdraw his guilty plea. State v. Walton, supra.
In Walton, supra, Judge Whiteside reasoned that, the defendant having implemented a substantial part of his obligation under the plea agreement by entering a guilty plea, it is fundamentally unfair to relieve the state of its obligation under the agreement but to refuse to relieve the defendant of his. To do so when the defendant has moved to vacate his plea creates a new plea bargain agreement. Therefore, "if the plea bargain is to be set aside, it should be set aside in its entirety, not piecemeal, and not only in part to benefit the state." Id.., at p. 119.
The majority in Walton also noted that, under the circumstances involved, which were identical to those here, "only slight justification would be necessary to justify a withdrawal of a guilty plea." Id. The dissent, written by then-Judge Moyer, took issue with that view, observing that the trial court has broad discretion in whether to permit withdrawal of a guilty plea, and that the record failed to demonstrate a finding of manifest injustice that would support withdrawal. However, Crim.R. 32.1 reserves the manifest injustice standard to motions to vacate a plea filed after sentencing. The motion in Walton was filed prior to sentencing, as was the motion here.
Eleven years later, in State v. Xie (1992), 62 Ohio St.3d 521, the Supreme Court announced that motions to withdraw guilty pleas made prior to sentencing should be "freely and liberally granted." Id., at p. 527. Nevertheless, the majority in Xie found no abuse of discretion according to that standard in the trial court's denial of the defendant's motion. Chief Justice Moyer joined Justice Brown in a dissenting opinion, which found an abuse of discretion. The dissenters joined the majority by stating, in even more emphatic terms, that "[t]he manifest injustice standard governs post-sentence plea withdrawals. Where, as here, the motion to withdraw came before sentence, that motion should be freely allowed and treated with liberality." Id., at p. 529, citing Barker v.United States (C.A. 10, 1978), 579 F.2d 219.
Two considerations underlie the rule of liberality announced in Xie,supra. First, the constitutional rights waived in conjunction with the plea are fundamental to the fairness of judicial proceedings in criminal cases, and are deserving of great deference and respect. Second, granting the motion will, in most situations, do no more than require the state to prove the charges it has brought. Absent some showing that the guilty plea the defendant entered has prejudiced the state in its capacity to do that, there is no good reason to relieve the state of its obligation to try the defendant.
Here, the State offered no reason why it could not prosecute all the charges it had brought against Lopez, who moved to withdraw his guilty plea only ten days after he had entered it. The court appears to have denied the motion on a finding that Lopez' guilty plea was knowing, intelligent, and voluntary.
A defendant's waiver of his right to trial is typically entered at the same time as his guilty plea. They are functionally and conceptually different, however. The waiver relinquishes a known right. The plea is an admission of criminal liability. If it is knowing, intelligent, and voluntary, the plea is a complete and conclusive basis for a finding of criminal liability.
Crim.R. 32.1, as interpreted by Xie, supra, undermines the conclusive effect of a guilty plea by imposing a rule of liberality on motions to withdraw the plea. The movant is not required to show that his waiver and plea were legally defective. However, he generally must do more than demonstrate a mere "change of heart." State v. Walton (1981),2 Ohio App.3d 117; State v. Gales (Oct. 9, 1998), Greene App. No. 97-CA-114, unreported; State v. Taylor (June 15, 1989), Montgomery App. No. 11220, unreported. Even so, and because of the rule of liberality, the court does not abuse its discretion if it grants a presentence motion to withdraw that results from a change of heart. State v. Bowling (March 10, 1987), Montgomery App. No. 9925, unreported.
Here, Lopez had a change of heart, but it concerned his agreement to testify against a co-defendant, not the guilty plea itself. Because his refusal to testify operated to relieve the State of its duty to recommend the agreed-upon sentence, Lopez asked to withdraw the plea which resulted in the conviction on which the sentence would be imposed. That is a sufficient basis, under the rule of Xie, supra, to render the court's denial of his motion an abuse of discretion. Walton, supra. I would sustain Lopez' two assignments of error and reverse the trial court's order denying his motion and remand for a trial on the charges on which Lopez was indicted.