JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Brandon Cheney, appeals from the judgment of the Cuyahoga County Court of Common Pleas, rendered after a guilty plea, finding him guilty of felonious assault, in violation of R.C. 2903.11, with a repeat violent offender specification, in violation of R.C. 2929.01, and sentencing him to five years incarceration. Finding no merit to appellant's appeal, we affirm.
 {¶ 2} On October 17, 2000, the Cuyahoga County Grand Jury indicted appellant on one count of felonious assault with a peace officer specification, one count of felonious assault with peace officer and repeat violent offender specifications and one count of failure to comply with an order of a police officer. Appellant entered a plea of not guilty to the charges.
 {¶ 3} On January 25, 2001, pursuant to a plea agreement, appellant pled guilty to count two of the indictment, which had been amended to delete the peace officer specification. The trial judge accepted appellant's guilty plea, found him guilty of the amended charge and dismissed counts one and three of the indictment.
 {¶ 4} On February 15, 2001, the trial court held a sentencing hearing. Cleveland Police Officer Phillip Habeeb, the victim of the assault, testified at the hearing. Officer Habeeb testified that on October 9, 2000, he and his partner received a radio broadcast to look for a suspect in the area of East 75th Street and Kinsman Road. The radio broadcast reported that the suspect was fleeing from the Warrensville Heights police and was armed.
 {¶ 5} Habeeb and his partner spotted appellant's car, followed it and then activated their lights. Although appellant initially pulled over to the curb, when Habeeb got out of the police car, appellant fled the scene in his vehicle. Habeeb and his partner chased appellant to a parking lot on East 22nd Street, where appellant stopped his car. As Habeeb was exiting his car, however, appellant drove his vehicle directly at him, forcing Habeeb to take cover behind the police car. Appellant sped past him and the chase ensued again.
 {¶ 6} Habeeb testified that he and his partner pursued appellant through downtown Cleveland, onto Interstate 90 westbound and then back on Interstate 90 eastbound. Appellant eventually lost control of his car on the exit to Interstate 71/State Route 176, landing on a hill by the side of the road. Upon rounding the curve to the exit, Habeeb's vehicle slid on the roadway and then came to a stop very close to appellant's car.
 {¶ 7} Habeeb exited the police car, yelling at appellant to put his hands up and stop. Instead, appellant put his car in reverse gear, backed up and hit Habeeb with his car. In an attempt to avoid being hit, Habeeb fired his gun at appellant, hitting him in the arm.
 {¶ 8} Given an opportunity to address the court before sentencing, appellant stated, "I accept responsibility for the wrong that I did that night. All the wrong that is being said I did or saying that I acknowledged what I was doing, that's not true. I didn't try and hurt no one. * * * I didn't never intentionally try to hurt Mr. Habeeb or any other officer or anyone."
 {¶ 9} The trial judge then sentenced appellant to five years incarceration. As the judge was remanding appellant to begin serving his sentence, appellant interrupted her, stating, "[M]an, I asked Mr. McFaul numerous times to withdraw my plea. All he kept telling me is probation and treatment. Your Honor, I never tried to hurt this man. I hit a tree doing 60 miles an hour."
 {¶ 10} The trial court denied appellant's motion to withdraw his plea, stating, "You made this plea knowingly, voluntarily. The Court finds there's a factual basis for it. You are not going to be allowed to withdraw your plea."
 {¶ 11} Appellant timely appealed, raising two assignments of error for our review.
 I. {¶ 12} In his first assignment of error, appellant contends that the trial court committed reversible error in denying his post-sentence motion to withdraw his guilty plea.
 {¶ 13} Crim.R. 32.1, which governs motions to withdraw a guilty plea, provides, in pertinent part:
 {¶ 14} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 15} Thus, pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea may be granted only to correct manifest injustice. State v. Xie (1992), 62 Ohio St.3d 521, 526. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 16} A post-sentence motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, id., and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a plea is limited to a determination of whether the trial court abused its discretion. State v. Peterseim (1980),68 Ohio App.2d 211, 214. An abuse of discretion constitutes more than an error of law or judgment; it implies that the court's attitude, as evidenced by its decision, was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 17} "What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved." State v. Walton (1981),2 Ohio App.3d 117, 119. We recognize, however, that if a guilty plea could be retracted with ease after sentence had been imposed, "`the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.'" (Citations omitted.) Peterseim, supra at 213.
 {¶ 18} Appellant contends that the trial court should have allowed him to withdraw his plea post-sentence because it was not made knowingly or intelligently. Appellant argues that R.C. 2903.11, the felonious assault statute, provides that "no person shall knowingly * * * 1) cause serious physical harm to another * * *; 2) cause or attempt to cause physical harm to another * * *." Therefore, appellant contends, his statements during the sentencing hearing that he did not intentionally try to hurt Officer Habeeb were "overwhelming evidence" that he did not understand the import of his plea and, therefore, his plea was not knowingly or intelligently made. We disagree.
 {¶ 19} Contrary to appellant's argument, the record of the plea hearing demonstrates that appellant made his plea knowingly, intelligently and voluntarily. At the hearing, defense counsel informed the court that he had reviewed appellant's rights with him and that appellant was aware of those rights and that he was waiving those rights by entering a guilty plea. Defense counsel also stated that no threats or promises had been made to induce the plea.
 {¶ 20} Upon questioning by the trial judge, appellant stated that he was satisfied with the representation he had received from his attorney and that his attorney had "explained everything" to him and answered all of his questions. Appellant stated that he understood that he was giving up the rights to a trial by a judge or jury, to subpoena or call witnesses to appear and testify on his behalf at trial and to cross-examine the State's witnesses at trial. Appellant stated further that he understood the State had the burden of proof at trial and that he could choose not to testify at trial.
 {¶ 21} Upon further questioning, appellant stated that he understood the possible penalties for the offense to which he was pleading guilty were two to eight years in prison and a $15,000 fine and that for purposes of sentencing, the presumption was in favor of prison. Appellant stated further that he understood that if he was sentenced to the maximum term of eight years on the felonious assault charge, he could be sentenced to an additional one to ten years incarceration on the repeat violent offender specification.
 {¶ 22} The trial judge specifically asked appellant if anyone had promised or threatened him "in any way" in order to get him to change his plea, to which appellant responded, "No."
 {¶ 23} On this record, we cannot find that appellant's plea was not knowing or intelligent. Appellant clearly acknowledged the rights he was surrendering and the nature and effect of his plea. Further, appellant indicated that he was entering the plea of his own accord and that no one had made any promises or threats to induce his plea. It is apparent from the record that appellant understood the plea he made.
 {¶ 24} Appellant contends that the trial judge should have granted his post-sentence motion to withdraw his plea, however, because defense counsel erroneously advised him that he would be sentenced to community control sanctions to induce him to enter the plea.
 {¶ 25} The record, however, does not support appellant's argument. At the plea hearing, prior to sentencing, appellant stated unequivocally that no one had made any promises or threats to him to induce his plea. In addition, appellant acknowledged that he understood that the presumption for sentencing was in favor of prison. Thus, appellant's post-sentencing statement that his lawyer promised him "probation and treatment" is in direct conflict with his representations at the plea hearing.
 {¶ 26} Moreover, "according to the overwhelming weight of authority, counsel's incorrect prediction as to what a defendant's sentence would be does not, in and of itself, constitute manifest injustice." State v. Wyley (Mar. 15, 2001), Cuyahoga App. No. 78315, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 204. To obtain relief, a defendant must demonstrate that he would not have pled guilty to the reduced charge if counsel's advice had been correct. State v.Xie, supra, 62 Ohio St.3d at 525. Appellant made no such showing, however, either to the trial court or on appeal. Moreover, appellant's allegation that defense counsel told him that he would be sentenced to community control sanctions is unsupported by any evidentiary documentation in the record. Thus, appellant's unfounded allegation is insufficient to demonstrate manifest injustice.
 {¶ 27} Finally, appellant contends that at a minimum the trial court should have held a hearing to investigate his allegations. A hearing on a post-sentence motion to withdraw a guilty plea is not required, however, if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea. Wyley, supra, citing State v. Wynn (1998),131 Ohio App.3d 725, 728; State v. Hamed (1989), 63 Ohio App.3d 5, 7;State v. Milton (June 1, 1995), Cuyahoga App. No. 65828.
 {¶ 28} As noted above, the allegation that defense counsel erroneously advised appellant that he would be sentenced to community control sanctions, even if true, would not require the trial court to allow the withdrawal of appellant's guilty plea. Therefore, the allegation is insufficient to require a hearing in this case.
 {¶ 29} Accordingly, the trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his guilty plea.
 {¶ 30} Appellant's first assignment of error is therefore overruled.
 II. {¶ 31} In his second assignment of error, appellant contends that he was denied his constitutional right to effective assistance of counsel because defense counsel failed to file a motion to withdraw his guilty plea before sentencing, even though appellant had requested that he do so.
 {¶ 32} This court recently addressed this issue in State v. Hyde
(Jan. 11, 2001), Cuyahoga App. No. 77592, in which we applied theStrickland test to a claim of ineffective assistance of counsel in entering a guilty plea. See State v. Xie, supra, 62 Ohio St.3d at 524, citing Hill v. Lockhart (1985), 474 U.S. 52. First, a defendant must demonstrate that his lawyer's performance was deficient and, second, that a reasonable probability exists that, but for his lawyer's errors, he would not have pleaded guilty. Xie, supra. Ordinarily, a plea of guilty waives a defendant's right to claim that he was prejudiced by constitutionally ineffective counsel, except to the extent that such ineffective assistance made the plea less than knowing, voluntary and intelligent. State v. Barnett (1991), 73 Ohio App.3d 244, 248.
 {¶ 33} Here, even assuming for the sake of argument that counsel's performance was deficient, appellant has made no showing that but for the error, he would not have pled guilty. Moreover, appellant has made no showing that counsel's failure to file a motion to withdraw his plea after he pled guilty but prior to sentencing somehow rendered his guilty plea less than knowing, voluntary or intelligent.
 {¶ 34} Appellant's second assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and COLLEEN CONWAY COONEY, J. concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).