DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Anthony J. Board, appeals from the Summit County Court of Common Pleas' denial of his motion to withdraw his guilty plea. We affirm.
 I. {¶ 2} On September 17, 2002, the Summit County Grand Jury indicted Mr. Board of (1) one count of burglary, in violation of R.C. 2911.12(A)(2), a second degree felony; (2) one count of falsification, in violation of R.C. 2921.13(A)(3), a first degree misdemeanor; and (3) one count of obstructing official business, in violation of R.C. 2921.31(A), a second degree misdemeanor.[1] Mr. Board initially pled not guilty to all the charges in this indictment ("first indictment").
 {¶ 3} On October 21, 2002, the Summit County Grand Jury indicted Mr. Board, based on events that occurred on or about October 1, 2002, of the following: (1) five counts of felonious assault, in violation of R.C. 2903.11(A)(2), a second degree felony; (2) two counts of improperly discharging a firearm at or into a habitation or school, in violation of R.C. 2923.161, a third degree felony; and (3) one count of having weapons while under a disability, in violation of R.C. 2923.13, fifth degree felony.[2] Each of these charges also carried a firearm specification, in violation of R.C. 2941.145. On May 13, 2003, a supplemental indictment to the October 21, 2002 indictment was filed, which charged Mr. Board with (1) one count of escape, in violation of R.C. 2921.34(A), a fourth degree felony; (2) one count of falsification, in violation of R.C. 2921.13(A)(3), a first degree misdemeanor; (3) one count of obstructing official business, in violation of R.C. 2921.31(A), a second degree misdemeanor; (4) one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor; and (5) one count of no operator's license, in violation of R.C. 4507.02, a first degree misdemeanor. These charges arose out of events that allegedly occurred in April and May 2003. Mr. Board initially pled not guilty to all the charges in the October 21, 2002 indictment and the supplemental indictment ("second indictment").
 {¶ 4} On July 21, 2003, a plea hearing was held with respect to both indictments. At the hearing, Mr. Board entered guilty pleas with respect to certain charges from each indictment. Particularly, Mr. Board pled guilty to an amended burglary charge, a felony of the third degree, and also pled guilty to the charges of improperly discharging a firearm at or into a habitation or school and the attending firearm specifications, and the escape charge. All remaining charges from the first and second indictments were dismissed.
 {¶ 5} On August 25, 2003, Mr. Board filed a pro se motion to withdraw his guilty pleas. On September 30, 2003, the trial court heard Mr. Board's motion, and the court denied the motion. Thereafter, the court sentenced Mr. Board accordingly. It is from the trial court's denial of his motion to withdraw his guilty pleas that Mr. Board now appeals.
 {¶ 6} Mr. Board timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court committed prejudicial error when it refused to allow appellant to withdraw his guilty plea prior to sentencing."
 {¶ 7} In his sole assignment of error, Mr. Board contends that the trial court committed prejudicial error when it denied his pre-sentencing motion to withdraw his guilty pleas. We disagree.
 {¶ 8} Crim.R. 32.1 provides that a motion to withdraw a guilty plea can only be made before sentencing, but that the court may, after sentencing, set aside the judgment of conviction and allow the defendant to withdraw his or her plea, to correct a manifest injustice. Because Crim.R. 32.1 only sets forth a standard for evaluating post-sentence withdrawals of a guilty plea and does not explicitly provide guidelines for ruling on a pre-sentencing motion for withdrawal of a guilty plea, the Supreme Court of Ohio has articulated a standard to govern such pre-sentencing motions. See State v. Xie (1992),62 Ohio St.3d 521, 526. The standard provides that while pre-sentencing motions to withdraw guilty pleas are generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Id. at 526, quoting Barker v.United States (C.A. 10, 1978), 579 F.2d 1219, 1223. It is important to observe that "[o]ne who enters a guilty plea has no right to withdraw it." Xie, 62 Ohio St.3d at 526, quotingBarker, 579 F.2d at 1223.
 {¶ 9} An appellate court is not permitted to perform a de novo review of the trial court's decision with respect to a withdrawal of a guilty plea. Id. Rather, the appellate standard of review for a motion to withdraw a guilty plea is limited to a determination of an abuse of discretion. State v. Honorable
(Sept. 23, 1987), 9th Dist. No. 13076, citing State v.Peterseim (1980), 68 Ohio App.2d 211, paragraph two of the syllabus. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. Stateex rel. V Cos. v. Marshall, 81 Ohio St.3d 467, 469,1998-Ohio-329. Furthermore, unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker, 579 F.2d at 1223.
 {¶ 10} Additionally, a defendant must communicate to the trial court a reasonable and legitimate basis for allowing such a withdrawal of a plea. State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101, citing Xie, 62 Ohio St.3d at 527. "A defendant's burden to supply a reasonable and legitimate basis for withdrawing a plea recognizes the state's interest in preserving guilty pleas." Dewille, supra. Furthermore, the determination of whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. State v. Rosemark (1996),116 Ohio App.3d 306, 308.
 {¶ 11} This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea. Id. However, we have previously noted that an evidentiary hearing with respect to such a motion is not always required. Lorain v. Price (Oct. 2, 1996), 9th Dist. No. 96CA006314 (stating that the necessity of an evidentiary hearing depends on the facts and circumstances of the particular case). See, also, State v. Cosavage (June 28, 1995), 9th Dist. Nos. 17074 and 17075.
 {¶ 12} "What constitutes an abuse of discretion in over-ruling a motion to withdraw a guilty plea will vary with the facts and circumstances of each case." State v. Boyd (Oct. 22, 1998), 10th Dist. No. 97APA12-1640, citing State v. Walton
(1981), 2 Ohio App.3d 117, 119. Therefore, when determining whether the trial court abused its discretion in denying Mr. Board's motion to withdraw his guilty plea, it is important for us to take into consideration the facts and circumstances surrounding Mr. Board's motion. Boyd, supra; Walton,2 Ohio App.3d at 119.
 {¶ 13} In support of his sole assignment of error, Mr. Board asserts that he set forth two reasonable and legitimate reasons to support his motion to withdraw his guilty pleas: first, that he pled guilty to the burglary charge due to his counsel's alleged misrepresentation of the length of the potential sentence for the burglary charge, and that he did not understand the nature of the potential sentences on the charge; second, that he is actually innocent of the burglary charge.
 {¶ 14} The transcript of the plea hearing reveals that the trial court did inform Mr. Board of the potential length of the sentence with respect to the burglary charge, as follows:
"THE COURT: [T]he burglary charge is a felony of the third degree. Do you understand the Court could sentence you to prison anywhere from a minimum one year up to a maximum of five years for that offense?
"[MR. BOARD]: Yes, ma'am."
Furthermore, the transcript of the plea hearing reveals that the trial court specifically asked Mr. Board whether anyone had made any promises to him to induce him to enter the guilty pleas, and that Mr. Board replied in the negative. Additionally, after the trial court had informed Mr. Board of the possible minimum and maximum penalties for all the charges being pled guilty to, the trial court asked Mr. Board whether he was satisfied with the legal representation that he had received from the attorneys representing him in both matters; Mr. Board answered that he was. When asked whether there was anything in the proceedings thus far that he had not understood, Mr. Board answered in the negative.
 {¶ 15} As to his claim that he did not commit the burglary offense, Mr. Board did not offer any evidence or testimony supporting this contention, during the court's hearing on the motion. Rather, Mr. Board merely asserted that he did not commit the offense. A mere "change of heart" does not constitute a legitimate basis for the withdrawal of a guilty plea. See Statev. Miller (July 19, 2000), 9th Dist. No. 99CA007334.
 {¶ 16} This Court declines to second-guess the trial court's finding with respect to these arguments. The trial court is in a better position than an appellate court to assess a defendant's motivations for entering into a guilty plea, since an appellate court only has the record of the hearing before it to review.Xie, 62 Ohio St.3d at 525, citing State v. Smith (1977),49 Ohio St.2d 261, 264. "`[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]'" and therefore a reviewing court should defer to the trial court's judgment on these matters. Xie, 62 Ohio St.3d at 525, quoting Smith,49 Ohio St.2d at 264.
 {¶ 17} Mr. Board also raises a challenge to his guilty plea on the escape charge. Specifically, Mr. Board maintains that he was not provided with a full Crim.R. 11(C) hearing during the plea hearing on July 21, 2003. Mr. Board asserts that the trial court did not review with him the minimum and maximum penalties for pleading guilty to the escape charge. We observe that Mr. Board did not assert this challenge to his escape charge plea as a basis for his motion to withdraw his guilty pleas. In fact, the record indicates that Mr. Board had changed his mind and chose to revoke his motion to withdraw his guilty pleas as to the escape charge; during the sentencing hearing, Mr. Board amended his motion to withdraw his guilty plea to apply only to the burglary charge, and specifically said that he would plead guilty to the escape charge. The court inquired of Mr. Board whether he was "changing [his] motion again and * * * [was] willing to maintain [his] guilty plea as it pertains to all of the offenses that [he] entered a guilty plea to except for the burglary charge[,]" and Mr. Board answered in the affirmative, stating, "I am pleading to the discharge and everything except the burglary[.]" Now Mr. Board desires to change his position on the escape charge yet another time.
 {¶ 18} The proper time to maintain such a challenge was during his motion to withdraw his guilty plea, but Mr. Board specifically chose not to do so. Generally, a failure to assert an alleged error or issue in the trial court as a basis for a motion to withdraw a guilty plea waives that error or issue on appeal. State v. Henson (May 14, 1986), 9th Dist. No. 12401, citing State v. Williams (1977), 51 Ohio St.2d 112, 117; Statev. Nathan (1995), 99 Ohio App.3d 722, 727-28. As the escape charge in this case was not ultimately the basis for his motion, Mr. Board has waived any challenge to his guilty plea on the escape charge. For this reason, we specifically do not determine whether the trial court erred in addressing Mr. Board's guilty plea on the escape charge, at the plea hearing.
 {¶ 19} Based upon the foregoing, we find that Mr. Board did not satisfy his burden of articulating a reasonable and legitimate basis for the withdrawal of his guilty pleas. SeeDewille, supra; Xie, 62 Ohio St.3d at 527. This Court concludes that the trial court's denial of Mr. Board's motion to withdraw his guilty pleas was not arbitrary, unreasonable, or unconscionable. See State ex rel. v. Cos., 81 Ohio St.3d at 469. Therefore, we find that the court did not abuse its discretion in denying the motion. See Rosemark, 116 Ohio App.3d at 308.
 {¶ 20} Accordingly, Mr. Board's sole assignment of error is overruled.
 III. {¶ 21} Mr. Board's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J. and Slaby, J. concur.
[1] Case No. CR 02-09-2540.
[2] Case No. CR 02-10-2960(B).