{¶ 30} Since I am unable to concur in the conclusion of the majority that the first assignment of error should be overruled, I must respectfully dissent because I would sustain the first assignment of error, find the remaining three assignments of error to be moot, and remand this cause to the trial court for a trial on the merits. The majority opinion correctly notes that appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 prior to sentencing (¶ 3), and that the general rule is that motions to withdraw *Page 13 
guilty pleas prior to sentencing are to be freely and liberally allowed, citing State v. Peterseim (1980), 68 Ohio App.2d 211, 214,428 N.E.2d 863. The majority also points out that the right to withdraw a guilty plea prior to sentencing is not absolute, citing State v.Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (¶ 5). However, further analysis in the majority opinion differs little from the analysis applicable to post-sentencing motions to withdraw guilty pleas.
 {¶ 31} The first assignment of error states simply that: "The trial court abused its discretion in refusing to grant the Appellant's motion to withdraw guilty plea." For reasons that follow, I would find that the first assignment of error is well-taken and that the trial court did abuse its discretion in its consideration and denial of appellant's presentencing motion to withdraw guilty plea.
 {¶ 32} There can be no doubt but that the plea entered by appellant on March 21, 2006, was an Alford plea. The trial court was advised that appellant had protested his innocence to the police, and appellant's counsel advised the court that appellant continued to protest his innocence but was willing to enter an Alford plea. Appellant was no stranger to criminal proceedings and had entered guilty pleas in several previous criminal cases but never before had he entered anAlford plea, and there is no indication in the record that appellant had previously entered a guilty plea with respect to a crime of which he contended he was innocent. Also, appellant had rejected and refused to enter a guilty plea upon essentially the same plea bargain offer made by the prosecution. Appellant's counsel at the time of the guilty plea stated that appellant was hesitant to accept the plea and did not discuss an Alford plea with appellant at any time prior to their last conversation, which was approximately 15 minutes before the jury was to be *Page 14 
impaneled. At the conclusion of the hearing upon the presentence motion to withdraw guilty plea, the trial court found "incredible" appellant's claim that he did not understand the nature of a guilty plea and asserted that it had fully advised appellant of the nature of the plea. It has been held that, in situations where a person's liberty is at stake and he has not yet been sentenced, great deference must be given to his decision to withdraw his guilty plea and face a jury of his peers in the absence of facts raising suspicions regarding sentence-chopping motives. State v. Barnett (1991), 73 Ohio App.3d 244, 250-251,596 N.E.2d 1101. Although a defendant must demonstrate a reasonable and deliberate basis for withdrawal of a guilty plea prior to sentencing, only a slight justification is necessary to justify a presentence withdrawal of a guilty plea. State v. Walton (1981), 2 Ohio App.3d 117,119, 440 N.E.2d 1225.
 {¶ 33} In N. Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160,27 L.Ed.2d 162, the United States Supreme Court held that a trial court may accept a guilty plea from a defendant who nonetheless maintains his innocence because a defendant who believes he is innocent may rationally conclude that the evidence against him is so incriminating that there is a significant chance that a jury would find him guilty of the offense with which he is charged. See State v. Padgett (1990),67 Ohio App.3d 332, 337, 586 N.E.2d 1194. Before accepting an Alford plea, the trial court must make an inquiry of the defendant to ascertain that the defendant has rationally concluded that accepting the plea bargain is in his best interest, since he will avoid the risk of greater punishment if a jury should find him guilty. *Page 15 
 {¶ 34} All guilty pleas, including Alford pleas, must meet the general requirement that the defendant knowingly, voluntarily, and intelligently waives his right to trial. Id. at 338. Because guilty pleas accompanied by a protestation of innocence gives rise to an inherent suspicion that a knowing, voluntary, and intelligent waiver has not occurred,Alford pleas place a heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea was a rational decision on the part of the defendant. When a defendant protests his innocence, the rational calculation differs significantly than that made by a defendant who admits he is guilty; accordingly, the trial court's obligation with regard to taking an Alford plea is correspondingly different. Padgett, supra. The Padgett court explained the trial court's duty in taking an Alford plea, as follows:
 * * * The trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor. * * *
 * * *
 * * * This requires more than a routine litany. Where the defendant interjects protestations of innocence into the plea proceedings, and fails to recant those protestations of innocence, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence
 * * *[.]
 * * * [I]f a guilty plea is to be accepted, the trial court must determine, in a meaningful way, that the defendant's decision to tender the plea is knowing and intelligent. If it becomes impossible for the trial court to satisfy itself that the defendant's decision is knowing and intelligent, the trial court has the alternative of declining to accept the plea. * * * *Page 16 
Id. at 338-339.
 {¶ 35} It is assumed that the Padgett court's reference to "his reasons" refers to the before required inquiry into the conflict between pleading guilty while claiming to be innocent. Although the trial court twice stated during the guilty plea proceedings that appellant was entering an "Alford plea," the trial court made no attempt to resolve the inherent conflict between protestation of innocence and made no attempt to resolve these questions during the plea hearing, even though the trial court repeatedly referred to the plea as an Alford plea.
 {¶ 36} The record of the plea hearing reveals that the trial court did not directly question appellant in a manner designed to ascertain that he made a voluntary informed decision to plead guilty, despite his belief he was innocent. The trial court merely asked appellant if he had discussed "the plea" with defense counsel, without mentioning theAlford nature of the plea. The trial court summarily stated it would accept appellant's "Alford plea" as a guilty plea without any inquiry as to appellant's understanding of such a plea and its consequences. The trial court could have inquired along similar lines as the trial court in State v. Wells, Greene App. No. 2002-CA-100, 2003-Ohio-2394: "Do you understand that an Alford plea is a plea whereby you plead guilty to the charge, however, you do not admit that you are guilty, but you plead guilty because you feel that you probably would be convicted of being guilty of the charges and possibly get a sentence that would be more severe than the sentence that the State has recommended to you?"
 {¶ 37} Here, the colloquy between the appellant and the trial court was not sufficient for the trial court to ascertain that, notwithstanding appellant's apparently *Page 17 
protestations of innocence, he made a rational calculation that it was in his best interest to accept the plea bargain offered by the prosecutor. Although defense counsel asserted that appellant "did not want to take the chance of going to trial on this case," the trial court never questioned appellant as to his entering of an Alford plea and never expressed or explained the impetus for the plea during the guilty-plea determination. The understanding must be that of appellant, not his counsel, and the trial court must ascertain whether it is the appellant's understanding. The trial court stated it fully advised appellant with respect to the nature of the Alford plea. The record, however, indicates to the contrary. The trial court's erroneous memory may have contributed to the denial of the motion to withdraw. Moreover, in explaining its decision to deny appellant's motion to withdraw his guilty plea, the trial court stated only that it advised appellant at the plea hearing as to the nature of an Alford plea, that it was a guilty plea, and the consequences of entering such a plea. Conspicuously absent from the trial court's explanation is any statement it discussed with appellant his pleading guilty, notwithstanding his apparent protestations of innocence, nor inquired as to appellant's reasons for doing so. In short, the trial court had not, at the plea hearing "inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence." See Alford, supra, at fn. 10.
 {¶ 38} Crim.R. 11(C)(2) specifically requires the trial court to address the defendant personally and determine "that defendant understands the effect of the plea of guilty." Here, the record is so conflicted as to appellant's understanding of the Alford plea that it casts significant doubt as to whether his guilty plea was knowingly, intelligently, and voluntarily entered and was the product of a rational decision by appellant. Given the state of the original plea proceedings in this case, the trial court's denial of appellant's *Page 18 
presentence motion to withdraw his guilty plea prior to sentencing constituted an abuse of discretion. Accordingly, I would sustain the first assignment of error, find the remaining assignments of error to be moot (App.R. 12[A][1][c]), and remand this cause to the trial court for further proceedings, including a trial upon the merits of the charges contained against appellant in the indictment.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.